**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.        20-50193 (JAM) |
| KATSUHIKO YOKOI, ) | |
| ) | CHAPTER        13 |
|     DEBTOR. ) | |
| ) | |
| U.S. BANK, NATIONAL ASSOCIATION, ) | |
|     MOVANT, ) | |
| ) | |
| v. ) | |
| ) | |
| KATSUHIKO YOKOI, ) | |
|     RESPONDENT. ) | RE: ECF No.        15 |
| ) | |

**Appearances**

Sara M. Buchanan                                                                  *Attorney for the Movant*
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032

Katsuhiko Yokoi                                                                   *Pro se Debtor*

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.        Introduction**

On February 13, 2020, Katsuhiko Yokoi (the "Debtor") filed a Chapter 13 petition. On March 20, 2020, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") filed a Motion for Relief from Stay (the "Motion for Relief from Stay") with regard to the Debtor's real property commonly known as 153 Compo Road North, Westport, Connecticut 06880 (the "Property"), seeking relief under 11 U.S.C. §§ 362(d)(1) and

362(d)(4). ECF No. 15. The Debtor has not filed a response to the Motion for Relief from Stay. For the reasons that follow, the Motion for Relief from Stay is granted.

## II.     Background[1]

1. U.S. Bank is the holder of a promissory note and mortgage executed by the Debtor and secured by the Property. Accordingly, U.S. Bank is a party in interest pursuant to 11 U.S.C. § 362(d) and is entitled to seek the relief set forth in the Motion for Relief from Stay.

2. On April 26, 2016, after the Debtor had failed to make payments under the promissory note, U.S. Bank commenced a foreclosure action against the Debtor and Teresa Yokoi in Connecticut Superior Court (the "State Court Foreclosure Action"). *See Wells Fargo Bank v. Katsuhiko Yokoi and Teresa Yokoi*, Case FBT-CV- 16-6056448-S[2].

3. On March 6, 2017, a Judgment of Foreclosure by Sale entered in the State Court Foreclosure Action setting a sale day of July 15, 2017.

4. On July 11, 2017, the Debtor filed his first Chapter 13 case, which was dismissed on July 26, 2017 for failure to file information. *See* Case No. 17-50826.

5. On October 10, 2017, the Judgment of Foreclosure by Sale was reopened and modified to set a new sale date of January 13, 2018.

6. On January 3, 2018, Teresa Yokoi filed her first Chapter 13 case, which was dismissed on January 22, 2018 for failure to file information. *See* Case No. 18-50004.

---

[1] The facts set forth herein are contained in the Motion for Relief from Stay and exhibits attached thereto, unless otherwise indicated.
[2] After U.S. Bank was assigned the mortgage, it was substituted as the plaintiff in the State Court Foreclosure Action.

7.      On August 27, 2018, the Judgment of Foreclosure by Sale was reopened, modified, and reentered as a Judgment of Strict Foreclosure, setting a law day of January 8, 2019.

8.      On January 2, 2019, Teresa Yokoi field a second Chapter 13 case, which was dismissed on January 18, 2019 for failure to file information. *See* Case No. 19-50005.

9.      On April 1, 2019, the Judgment of Strict Foreclosure was reopened and modified to set a new law day of June 18, 2019.

10.     Thereafter, the Superior Court granted two motions filed by the Debtor to open judgment and extend the law day, first to December 17, 2019, and then to February 18, 2020.

11.     The Debtor filed the instant case, his third Chapter 13 case, on February 13, 2020.

### III.    Discussion

U.S. Bank is seeking relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and (d)(4). Section 362(g) provides that the party requesting relief from the automatic stay has the burden of proof on the question of the debtor's equity in property, and the party opposing relief has the burden on all other issues. 11 U.S.C. § 362(g). The moving party must first establish a *prima facie* case for relief, which requires a showing of a factual and legal right to the relief sought. 3 *Collier on Bankruptcy*, ¶ 362.10, p. 362-135 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). Under section 362(d), if a movant establishes a *prima facie* case and no contrary evidence is presented, the Court "shall" grant the relief requested. 11 U.S.C. § 362(d). After a careful review of the record in this case, the Court finds that U.S. Bank has met its burden of proof under section 362(g).

Cause exists to grant U.S. Bank relief from the automatic stay under section 362(d)(1). Section 362(d)(1) provides as follows:

>On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>>(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1) (emphasis added). Although "cause" is not defined in the Bankruptcy Code, it has been found to include non-payment of a debt. *See In re Caires*, 611 B.R. 1, 6-7 (Bankr. D. Conn. 2020) (finding cause to grant relief from the automatic stay where the debtor failed to pay a note and mortgage for over ten years); *In re Uvaydov*, 354 B.R. 620, 624 (Bankr. E.D.N.Y. 2006) (finding that debtor's failure to pay over $50,000 of post-petition mortgage payments over an eleven-month period constituted "more than ample cause to lift the automatic stay"). When cause exists, relief from the stay "shall" be granted. *See* 11 U.S.C. § 362(d). In this case, cause exists because, among other things, the Debtor has been in default of the promissory note since August 1, 2015. Therefore, the Motion is granted under section 362(d)(1).

In addition, U.S. Bank is entitled to *in rem* relief under section 362(d)(4) because the filing of the instant case was part of a scheme to delay, hinder, or defraud U.S. Bank that involved multiple bankruptcy filings affecting the Property.

Pursuant to 11 U.S.C. § 362(d)(4),

>On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>>(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved –
>>>(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>>>(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4) (emphasis added). Accordingly, *in rem* relief is available "when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors," *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017), and involves multiple bankruptcy filings affecting real property, *In re Muhaimin*, 343 B.R. 159, 167 (Bankr. D. Md. 2006).

Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (citation omitted); *see also In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases.").

The record establishes that the Debtor and Teresa Yokoi filed five bankruptcy cases just before scheduled sale dates or law days in the State Court Foreclosure Action. The following chart illustrates the pattern of bankruptcy filings in relation to sale dates and law days:

| Date of Sale Date or Law Day | Date of Bankruptcy Filing | Debtor | Bankruptcy Case Number |
|---|---|---|---|
| July 15, 2017 | July 11, 2017 | Katsuhiko Yokoi | 17-50826 |
| January 13, 2018 | January 3, 2018 | Teresa Yokoi | 18-50004 |
| June 30, 2018 | June 21, 2018 | Katsuhiko Yokoi | 18-50793 |
| January 8, 2019 | January 2, 2019 | Teresa Yokoi | 19-50005 |
| February 18, 2020 | February 13, 2020 | Katsuhiko Yokoi | 20-50193 |

The timing of the filing of the five bankruptcy cases evidence an intent to delay, hinder, or defraud U.S. Bank from completing the foreclosure proceedings. *See In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings significant to finding a scheme to hinder, delay, or defraud). This finding is bolstered by the fact

that all four prior bankruptcy cases were skeletal filings that were dismissed for failure to file information, indicating that the sole purpose of them was to impede the foreclosure proceeding. Therefore, under the specific facts and circumstances surrounding the multiple bankruptcy filings, *in rem* relief is granted under section 362(d)(4).

### IV.  Conclusion

For the reasons set forth above, the Court finds that cause exists to grant relief from the automatic stay under section 362(d)(1), and that the filing of the instant case was part of a scheme to delay, hinder, or defraud U.S. Bank that involved multiple bankruptcy filings affecting the Property, warranting *in rem* relief under section 362(d)(4).  Accordingly, it is hereby

**ORDERED**: The Motion for Relief from Stay is granted.  U.S. Bank is granted relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(4) and a separate order granting relief from the stay and *in rem* relief will enter; and it is further

**ORDERED**: The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived; and it is further

**ORDERED**: Pursuant to 11 U.S.C. § 1301(c), to the extent that the co-debtor stay in 11 U.S.C. § 1301(a) applies, it is hereby terminated; and it is further

**ORDERED**: At or before 4:00 p.m. on May 7, 2020, the Clerk's Office shall serve this Order upon the Debtor at the address listed on the Debtor's petition.

Dated at Bridgeport, Connecticut this 7th day of May, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut